RECEIVED BY MAIL
FEB 10 2005
CLERK US DIST COURT MINNEAPOLIS MN

**district court of the united States**

**district of Minnesota**

UNITED STATES OF AMERICA

Criminal Docket 0:02-cr-00177-JNE-RLE-ALL and CR02-177

CV 05-303 JNE

v.

RICHARD CUNNINGHAM

**BRIEF IN SUPPORT OF Title 28 USC § 2255 Motion**
To VACATE, SET ASIDE, or CORRECT A SENTENCE

RICHARD CUNNINGHAM makes a special appearance, without waiving and rights or remedies, statutorily or procedural. This brief is made in support of the 2255 Motion to establish the foundation and principle of law in these united States. In the event the court wishes to grant a ORDER to show cause to the United States attorney RICHARD CUNNINGHAM reserves the right to expound on any and all issues the court deems to be insufficiently addressed.

Minnesota acquired Statehood in 1858 by the passage of its' own constitution. Minnesota is not a territory of the United States or an insular possession of the United States within the decor held in Title 48 of the United States Codes. Minnesota has a jurisdictional venue as set forth in their constitution. This venue cannot be invaded by implication or otherwise to wit Article IV Section 3 Clause 2. The constitution of Minnesota establishes a government and corporate by-laws of their own. Any and all other jurisdictions are foreign to Minnesota.

The United States is a federal district and is defined in Title 4 USC § 71 and 72 in accord with Article I Section 8 Clause 17 of the United States Constitution.

SCANNED
FEB 10 2005
U.S. DISTRICT COURT ST. PAUL

The United States has District Courts duly established for the enforcement of their corporate by laws as set forth in Title 1 - 50 of the United States Codes, ordained and established by Congress to wit Title 18 USC § 23. There are no others.

The district court of the United States is clearly distinguished from the United States District Courts to wit Title 28 USC § 451. The United States District Court is a territorial court of the United States to wit Title 28 USC § 132. The United States District Court does not operate as a judicial court under Article III, but as a legislative / administrative court for the enforcement of Congress' plenary powers. The district court of the United States operates as an Article III judicial tribunal independant of all legislative and executive influence. See Balzac v. Porto Rico 258 US 298 (1922) and Title 5 USC § 701 for reference thereto.

Here is were reality meets fiction. Rule 54(c) of the Federal Rules of Criminal Procedure proclaims, "Acts of Congress" includes any act of Congress locally applicable to and in force in the District of Columbia , in Puerto Rico, in a territory or insular possession. Also See Title 18 USC § 4001(a). Minnesota is not listed above. No other application has been authorized by the constitution or by Congress.

Title 18 USC § 2 authorizes prosecution for offenses against the United States. Title 28 USC §§ 1345 and 1346 authorizes the United States to sue and be sued. There are no other authorities for the United States of America to sue and be sued in a federal forum. In fact, the United States attorney only has the authority to represent the corporate United States in a federal forum to with: Title 18 USC § 205(a)(1) and Title 28 USC § 547(1). The United States of America is unknown to the law.

The Tenth Amendment also acts as a shield against federal power from exceeding its authority granted to them by the people in fear of an over zealous federal authority. The supreme court has ruled in United States v. Lopez, 514 US 549 (1995) the federal government has nothing approaching police powers. Further Congressional restraint is addressed in United States v. Morrison, 529 US 598 (2000).

The Indictment is a fraud on its face since there are no common law offenses against the United States, thus rendering all federal grand jurys obsolete. All offenses are "statutory", thus subject only to the discretion of the United States attorney, to wit: Title 27 CFR 2.11. Additionally, the Indictment makes no reference to the federal Implementing Regulations as they are the foundation of and for all federal prosecutions. Furthermore, in the absence of the federal Implementing Regulations recorded in the Federal Register has limited application and does not apply to the people at large. See Title 44 USC §§ 1501, 1505(a), 1507, United States v. Mersky, 361 US 431 (1960) and Wofson v. United States, 492 F.2d. 1386, 204 Ct. Cl. 83 (1974).

It is well established law that an entity cannot compel performance upon its corporate statutes or corporate rules unless it, like any other corporation, is the "holder in due course" of some contract or commercial agreement between it and the one on whom its demands for performance made, and is willing to produce said document, and to place the same into evidence before trying to enforce its demands, called statutes in the case, Clearfield Trust Co. v. United States, 318 US 368 (1943).

A criminal prosecution is void unless every element of the offense [Implementing Regulations] is charged in the Indictment and proven beyond a reasonable doubt, to wit: In Re Winship, 397 US 358 (1970), Sandstrom v. Montana, 442 US 510 (1979), United States v. Gaudin, 515 US 506 (1995), and Blakely v. Washington, 124 S.Ct. 2531 (2004).

"Sufficiency of an indictment is measured by whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the Defendant of what he must be prepared to meet" quoting Russell v. United States, 369 US 749 (1962). In this cause the Indictment drafted by the United States attorney fails to set forth the published Implementing Regulations to warrant a prosecution under federal law in a federal forum. The United States attorney,

defense counsel, and the court simply assumed and presumed Title 18 USC § 514 and Title 26 USC § 7206 has "nationwide application" to and upon the general public at large. This presumption is an absolute absurdity under the United States Constitution, laws of the United States and the Supreme Court holdings in Owens Equip an Erections v. Kroger, 437 US 365 (1978). The Court concluded "The jurisdiction of the federal courts is limited not only by the provisions of Article III of the Federal Constitution, but by acts of Congress, with the result that constitutional power is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy." The fact remains undisputed that congressional powers are not infinite and that the federal government has nothing approaching police powers, (United States v. Lopez). The absence of an Implementing Regulation renders the Indictment, Trial, Verdict, Sentence and Judgment null and void, as it fails to appraise the defendant of the Nature and Cause of the accusations against him contrary to the Sixth Amendment of the United States Constitution.

The Code of Federal Regulations leaves no margin for error or misrepresentation. Federal jurisdiction is addressed by the Supreme Court in reference to the contracts and federal in rem jurisdiction in Erie Railroad v. Thompkins, 304 US 64 (1938). The absence of a showing RICHARD V. CUNNINGHAM is an employee of the United States corporation or a contract requiring specific performance there is no federal jurisdiction.

The United States Constitution provides in the Fourth Amendment "the right of the people to be secure in their person, house, papers and effects shall not be violated, but upon probable cause supported by oath or affirmation stating the place to be searched and the things to be seized." As the record reflects, there is no complaint in this matter in violation of Rule 3 of Title 18 and 28, and the Fourth Amendment. The Indictment fails to affirmatively state the true Nature and Cause of the Accusations so that an appropriate affirmative defense

can be prepared, thus in violation of the Sixth Amendment.

Without waiving any rights, statutorily or procedural, it has been held in Blakely v. Washington: "Our precedents make clear however that the statutory maximum for Aprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict. . . ." In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose without any additional findings. When a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to punishment," . . . and the judge exceeds his proper authority.

This court has jurisdiction to adjudicate the federal question(s) asserted in the § 2255 Motion, each and every one of them in accord with Title 28 USC § 1331.

Accordingly, the Indictment, trial, verdict, sentence and the judgment in a criminal case has no basis in fact or law, and is accordingly groundless. The judgment is void ab initio and must be vacated, or set aside in its entirety, and the release of Richard Vance Cunningham is warranted and Discharged for all the reasons stated herein.

Dated This 8 Day of February, 2005.

Richard Vance Cunningham
RICHARD V. CUNNINGHAM