RECEIVED
BY MAIL
MAR 25 2005
CLERK US DIST COURT
MINNEAPOLIS MN

district court of the united States

district of Minnesota

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>v.<br>RICHARD CUNNINGHAM. | Criminal No.: 02-177(JNE/RLE)<br>Civil No.: 05-303(JNE) |

**Motion For Judgment By Default**

Richard Cunningham moves the district court for the district of Minnesota for a judgment by default, pursuant to Rule 55 of the Federal Rules of Civil Procedures. The United States of America, by its undelegated attorneys have failed to plead or otherwise defend each and every allegation made against them. Their failure to deny or prove to the contrary each and every ground for relief constitutes an admission.

## I. Statement of Facts

In his § 2255 motion, and brief in support thereof, the Movant makes a direct collateral attack upon the JUDGMENT IN A CRIMINAL CASE being relied upon to deprive him of his liberty. Its origin is unknown to the law and contrary to Rule 32(k) of the Federal Rules of Criminal Procedures. By design of course.

The Movant further declares the Respondent has failed to supply any rule of law they have relied upon to proceed with a criminal prosecution in the district of Minnesota. Additionally, has failed to provide the court with any congressional authorization granted exclusively to them to prosecute felonies generally. The U.S. attorney quotes Title 18 USC § 3231 as it also has some sort of Nationwide Application to the people at large. However, the

SCANNED
MAR 25 2005
U.S. DISTRICT COURT MPLS

the U.S. attorney fails to address the fact there is no Implementing Regulation for Title 18 USC § 3231. This is prima facia evidence Title 18 has very limited authority of law. See the Parallel Table of Authorities and Rules for reference.

## II. Statement of Law

The Movant, Richard Cunningham, in reference to the above captioned and enumerated cause, making presentment specially, not generally, nor voluntary, does bring forth this Motion in the Nature of 28 USC § 2255 to vacate, set aside, or correct sentence. Movant submits this Motion challenging the conviction and sentence as the United States District Court was without jurisdiction. Movant does declare the right to be released based upon the grounds that the sentence was imposed in violation of the Constitution for the United States and the laws of the United States.

The Movant need not show "cause and prejudice" in his § 2255 Motion. All claims for relief are premised upon questions of law pertaining to jurisdiction. Jurisdictional claims can never be waived or procedurally barred. The following makes it perfectly clear:

In **Kelly v. United States**, 29 F.2d. 1107 (7th Cir. 1994), the court explained that **Frady** is essentially a case about waiver. Arguments not raised at trial or on appeal are waived. If these are errors that were not objected to, **Frady** says that Appellate Courts are not to apply the "plain error" standard of Fed. R. Crim. P. 52(b), but can only grant relief if there is a showing of cause and prejudice. The points of cause and prejudice, we repeat, is to overcome the waiver. But this analysis of course assumes that the error in question is a waivable one. And jurisdictional ones are not **Id**. at 1112.

The **Kelly** court went on in depth about the implications of jurisdiction and jurisdictional arguments. All authority is unanimous on this issue, when the error is jurisdictional, the defendant need not show "cause and prejudice."

See also, **United States v. Broadwell**, 1992 WL 66649 *2, 1992 U.S.App. Lexis 6366, *5 (9th Cir.), **United States v. Milestone**, F.2d. 264, 267 n.2 (3rd. Cir. 1980).

Moreover, the Eigth Circuit Court of Appeals has continually held that jurisdiction cannot be waived by the parties, conferred by consent, or the lack of jurisdiction basis ignored. See **United States v. Redstone**, 488 F.2d. 300 (8th Cir. 1972), **Baker v. Riss**, 444 F.2d. 531 (8th Cir. 1970), **Babcock v. Parsons**, 430 F.2d. 531 (8th Cir. 1970, **Roberson v. Harris**, 393 F.2d. 123 (8th Cir. 1968).

Even more significantly, the United States Supreme Court, in the case of **Freytag v. Commissioner of Internal Revenue**, explained in clear and unambiguous language, that jurisdictional claims cannot be procedurally defaulted. Justice Scalia, in delivering the opinion of the High Court stated as follows:

> "The court has an independent duty to assure itself that its jurisdiction is properly had, and as a result parties can raise jurisdictional defects at any time. Because a jurisdictional defect cannot be procedurally defaulted in the first place, it is therefore a non sequitor to suggest that a procedural default cannot be overcome because the defendant has not made an adequate showing of "cause"." 501 U.S. 868, 896-97 (1991).

That being the case, that jurisdictional defects are claims that are not subject to procedural default, the Movant does not need to show "cause and prejudice." The district court should take notice and adhere to the established precedent that jurisdictional claims are non waivable. See: **United States v. Broadwell**, 1992 WL 66649 *2, 1991 U.S.App. Lexis 6366, *5 (9th Cir.) where the court held that "Because the error is jurisdictional, the defendant need **not** show **cause and prejudice**," [emphasis added].

Movant request this court to take Judicial Notice pursuant to Fed. R. of Evid. Rule 201(d), of the rules, case law used herein, attached memorandums of law, and the attached U.S. Government publication entitled Jurisdiction Over Federal Areas Within The States.

The court will take Judicial Notice of facts which vest the United States with jurisdiction, **Hudson v. United States**, 223 F.2d. 848 (5th Cir. 1955) citing **Brown v. United States**, 257 Fed.Rep. 46 (5th Cir. 1919), see also: **United States v. Benson**, 495 F.2d. 481 (5th Cir. 1974) (judicial notice is a valid substitute for proof in connection with jurisdictional questions).

The points and authorities relied upon herein, and issues raised herein, must be addressed "on the merits", **Sanders v. United States**, 373 U.S. 1, 16-16 (1963), and addressed with "clarity and particularity," **McCleskey v. Zant**, 111 S.Ct. 1454, 1470-71 (1991).

Whereas Movant submits this Motion/Writ as strictly a jurisdictional challenge, Movant realizes it will likely be treated as a "Motion to Vacate," and handled as a "Habeas Corpus," therefore, under Federal Rules of Civil Procedure, Rule 81(a)(2), there is a time limit specified, which is not to exceed 20 days, and under Rule 8(d), averments in a pleading to which a responsive pleading is required, are admitted when not denied in the responsive pleading.

Movant requests this district court of the united States, which is bound by and accountable to the oaths of office, to immediately overturn Movant's conviction, and release Movant from custody, as all charges in the instant case were "void ab initio" for want of any type of federal jurisdiction.

Courts are sworn to abide by the dictates of existing law and may not deliberately bypass explicit Congressional intent, **Landano v. Rafferty**, 670 F.Supp. 570, 583 (1987); and **U.S. Constitution, Article VI, clause 2**.

It was held in **North Laramie Land Co. v. Hoffman, et al.**, 268 US 276, 283, 69 L.Ed. 953 (1925), as follows:

> "All persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them and when that procedure is not unreasonable or arbitrary there is not constitutional limitations relieving them from conforming to it."

Movant has the right to expect the prosecutor and other government agents to know that their conduct in the instant case violated statutory intent and constitutional rights as they were acting in clear absence of jurisdiction, **Harlow v. Fitzgerald**, 457 US 800, 73 L.Ed.2d. 396 (1982); **Scheuer v. Rhodes**, 416 US 232; **Wood v. Strickland**, 420 US 308, 322 (1975); **Butz v. Economou**, 438 US 478 (1978).

The sole function of the court is to enforce the law according to statute, **Caminetti v. U.S.**, 242 US 470, 485 (1917). A defendant cannot be prosecuted absent statutory authority to authorize the prosecution, **Krulewitch v. United States**, 69 S.Ct. 716, n.22 (1949). If judicial construction of a stutute is unexpected, due process is violated, **Helton v. Fauver**, 930 F.2d. 1040, 1044-45 (1991). It is the duty of the federal court to protect rights secured by the Constitution, **Jennison v. Goldsmith**, 940 F.2d. 1308 (9th Cir. 1991). Federal courts cannot countenance deliberate violations of basic constitutional rights, to do so would violate the judicial oath to uphold the Constitution of the United States, **Adamson v. C.I.R.**, 745 F.2d. 541, 546 (9th Cir. 1984).

The court was without jurisdiction based upon various reasons as set forth in the following Motion and supporting Memorandum of Law.

## III. The Indictment

The formality of an unconstitutional sentence has not been so declared in **Booker** or **Blakely** in 2004 and 2005. The court can take notice the Supreme Court declared in **Ex Parte Siebold**, 100 US 371 (1880) in a nut shell, "if it is not in the Indictment it cannot be charged."

Contrary to well established law, again the court is forced with the misrepresentations of the U.S. attorney. He rambles on about Title 18 USC § 514(a)(2) has some sort of "Nationwide" application. Review of the **Parallel** Tables of Authorities and Rules revealed no Implementing Regulations for

Title 18 USC § 514(a)(2) for Nationwide application.

The US attorney additionally alleges Title 26 USC § 7206 again has some sort of Nationwide application to the people at large. Review of the Parallel Tables of Authorities and Rules for Title 26 USC § 7206 codifies no Implementing Regulation whatsoever, thus having limited application to some unknown and unnamed corporate entity within the exclusive venue of Congressional legislative jurisdiction.

## IV. Sentencing

The district court sentenced the Movant absent a violation of an Implementing Regulation. This nonetheless is a prerequesite for any and all federal prosecutions. Title 18 USC § 514(a)(2) and Title 26 USC § 7206 are penalty statutes. One cannot be sentenced absent the showing of the regulatory violation. The U.S. attorney fails to address this issue in his response.

## Conclusion

For all the reasons stated herein, and the U.S. attorney's waiver to contest the matters set forth in the § 2255 Motion, the Movant is entitled to judgment by default.

The Movant also requests this court to "**Vacate**" the JUDGMENT IN A CRIMINAL CASE as it has no basis in fact or law and is accordingly groundless.

Dated this 22 day of March, 2005.

Richard Vance Cunningham

RICHARD CUNNINGHAM