**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICHARD CUNNINGHAM,

Defendant.

Crim. No. 02-177 (JNE/RLE)
Civil No. 05-303 (JNE)

**MEMORANDUM OPINION and ORDER**

Michael L. Cheever, Assistant United States Attorney, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Plaintiff.

Richard V. Cunningham, Federal Correctional Institution - Sandstone, P.O. Box 1000, Sandstone, Minnesota, 55072, Defendant, pro se.

## INTRODUCTION

Defendant Richard Cunningham has filed a motion under 28 U.S.C. § 2255, (Docket No. 98), challenging his 2003 federal criminal conviction and sentence in this Court. His motion recites, in conclusory fashion, 24 grounds for relief. For the reasons discussed below, Defendant's motion will be DENIED.

## BACKGROUND

In June 2002, Defendant was indicted on seventeen counts of passing fictitious sight drafts drawn on the United States Treasury, and filing false forms with the Internal Revenue Service. At the conclusion of his federal jury trial in January 2003, Defendant was found guilty on all seventeen counts against him. Defendant was later given an aggregate sentence of 52 months in federal prison, and is presently serving his sentence at the Federal Correctional Institution in Sandstone, Minnesota.

Following his conviction and sentence, Defendant filed a direct appeal in the Eighth Circuit Court of Appeals, claiming that there was insufficient evidence to support his conviction. The Court of Appeals rejected Defendant's claims, and affirmed his conviction and sentence, in an unpublished opinion dated February 26, 2004. United States v. Cunningham, 88 Fed.Appx. 968 (8th Cir. 2004) (per curiam) (unpublished opinion).

Defendant filed his present § 2255 motion on February 10, 2005.[1] As previously noted, the motion lists 24 alleged grounds for relief. The Government has filed a Response to the Motion, (Docket No. 101), contending that all but two of Defendant's claims have been procedurally defaulted, and that the remaining two claims, (Grounds Twenty-one and Twenty-four), are without merit. The Court agrees with the Government.

## DISCUSSION

A. Procedurally Defaulted Claims

The Supreme Court has "long and consistently affirmed that a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). See also United States v. Ward, 55 F.3d 412, 413 (8th Cir. 1995) ("[t]o the fullest extent possible, all arguments, even constitutional or jurisdictional ones... should be made at trial and on direct appeal"). "Once the defendant's chance to appeal has been waived or exhausted... [federal courts] are entitled to presume he stands fairly and finally convicted, especially when, as here, he already has had a fair opportunity to present his federal claims to

---

[1] The Government does not dispute the timeliness of Defendant's motion, and the Court is satisfied that it was filed within the one-year limitation period prescribed by 28 U.S.C. § 2255 [¶ 6].

a federal forum." Frady, 456 U.S. at 164. Thus, when a defendant fails to raise an issue on direct appeal, he or she is generally barred from raising that issue for the first time in a post-conviction proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir. 1992), cert. denied, 507 U.S. 945 (1993).

To obtain post-conviction relief on a claim that was not previously raised on direct appeal, "a prisoner must clear a significantly higher hurdle than would exist on direct appeal." Frady, 456 U.S. at 164. The prisoner must show both sufficient cause to excuse the procedural default, and actual prejudice resulting from the claimed error. Id. at 168. See also United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996 ) (a prisoner "may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error").

In this case, all but two of Defendant's current grounds for relief were already known to him, or at least readily discernible, when he filed his direct appeal. The only two claims that might arguably have been unavailable to him on direct appeal are those listed as Grounds Twenty-One and Twenty-Four, which are discussed separately below. All of the rest of Defendant's claims pertain to matters that were fully ascertainable and available when he brought his direct appeal, and could have been raised just as readily on direct appeal as now. Therefore, all of those other 22 claims, (i.e., Grounds One through Twenty, and Twenty-two and Twenty-three), have been procedurally defaulted. Those claims cannot be addressed on the merits here, unless Defendant can satisfy Frady's "cause and prejudice" requirement.

Defendant has made no effort to satisfy the cause and prejudice requirement, and the Court finds no reason to think that he could do so. However, Defendant has filed a document entitled "Motion For Judgment By Default," (Docket No. 103), in which he contends that he should not have to show cause and prejudice, because all of his claims are "jurisdictional," and "[j]urisdictional claims can never be waived or

procedurally defaulted." The Court rejects that argument.

Many of Defendant's claims cannot be characterized as "jurisdictional" in any sense; they are merely commonplace legal challenges to the proceedings that led to his conviction. There is nothing "jurisdictional" in Ground Seven ("the record fails to establish a complaint"), Ground Nine, ("the warrant has no basis in fact or law"), Ground Fifteen, ("the jury instructions were radically defective"), Ground Sixteen, ("the jury verdict has no basis in fact or law"), Ground Eighteen ("the court failed to provide findings of fact and conclusions of law in support of life, liberty, and the pursuit of happiness"), or Ground Nineteen, ("the court failed to acquit for lack of evidence"). Those claims assert that Defendant was deprived of his rights under federal law and the Constitution, but they do not suggest that he was tried and convicted in a court that lacked jurisdiction.

Several of Defendant's other claims, i.e, Grounds Eleven, Twelve, Thirteen, and Twenty-two, are based on alleged flaws in the indictment process. Those claims also have no pertinence to this Court's jurisdiction. The Supreme Court has expressly stated that "defects in an indictment do not deprive a court of its power to adjudicate a case," and that "a ruling 'that the indictment is defective does not affect the jurisdiction of the trial court to determine the case presented by the indictment.'" United States v. Cotton, 535 U.S. 625, 630, 631 (2002), quoting United States v. Williams, 341 U.S. 58, 66 (1951). See also, McCoy v. United States, 266 F.3d 1245, 1249 (11th Cir. 2001) ("[t]he constitutional right to be charged by a grand jury is a personal right of the defendant and does not go to the district court's subject matter jurisdiction because it may be waived"), cert. denied, 536 U.S. 906 (2002); United States v. Mechanik, 475 U.S. 66, 70 (1986) ("the petit jury's verdict of guilty beyond a reasonable doubt demonstrates a fortiori that there was probable cause to charge the defendants with the offenses for which they were

convicted"); United States. v. Tulk, 171 F.3d 596, 598 (8th Cir. 1999) ("[a]ny injury sustained in the charging process is cured by a subsequent finding of guilt beyond a reasonable doubt").

Finally, to the extent that Defendant may actually be contending that this Court did not have subject matter jurisdiction to hear and adjudicate the criminal charges that were brought against him in this case, he is simply wrong. Jurisdiction over all aspects of Defendant's criminal case is conferred upon this Court by 18 U.S.C. § 3231, which plainly provides that –

> "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States."

"'Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231... [t]hat's the beginning and the end of the 'jurisdictional' inquiry.'" United States v. White Horse, 316 F.3d 769, 772 (8th Cir.), cert. denied, 540 U.S. 844 (2003), quoting Hugi v. United States, 164 F.3d 378, 380 (7th Cir. 1999).

B. Grounds Twenty-one and Twenty-four

At Ground Twenty-one of Defendant's § 2255 motion, he contends that "[t]he sentence imposed by the court violated the Sixth Amendment when the court imposed an exceptional sentence based upon preponderance of evidence, and not upon proof beyond a reasonable doubt found by a jury of his peers." The only legal authority offered in support of this claim is Blakely v. Washington, 124 S.Ct. 2531 (2004), and United States v. Booker, 125 S.Ct. 738, 755 (2005), which are cited in Defendant's brief, (Docket No. 99), and "Motion For Judgment By Default." Both of those cases were decided after the Eighth Circuit had already affirmed Defendant's conviction and sentence, so he could not have cited those cases in his direct appeal. Nevertheless, Defendant cannot challenge his sentence based on Blakely and/or

Booker, because the rulings in those two cases are not retroactively applicable on collateral review to cases such as this one, which had already become final on direct appeal before the Supreme Court's decisions were handed down. Guzman v. United States, No. 03-2446-PR (2nd Cir. 2005), 2005 WL 803214; Humphress v. United States, 398 F.3d 855 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479 (7th Cir. 2005); United States v. Price, 400 F.3d 844 (10th Cir. 2005); Varela v. United States, 400 F.3d 864 (11th Cir. 2005).

Defendant's Twenty-fourth Ground for relief is that "[t]he filing of an unpublished opinion violates the Fifth Amendment right of due process." The unpublished opinion mentioned in this claim presumably is the Eighth Circuit's decision in Defendant's own case. Defendant could not have raised this claim in his direct appeal, because he could not have known that the Eighth Circuit would later elect not to publish its decision in that appeal. While this may spare Defendant's final claim from being procedurally defaulted, the claim still must be rejected, because it obviously has no merit. Defendant has offered no reasoning or authority to support his novel assertion that the Court of Appeals violated his constitutional rights by designating its decision in his direct appeal as an "unpublished opinion." He also has made no effort to explain why his conviction and sentence should be vacated because of the Circuit Court's alleged transgression. Therefore, Defendant will not be granted relief on the final claim listed in his motion.

**CERTIFICATE OF APPEALABILITY**

The Court anticipates that Defendant may seek appellate review of this ruling on his § 2255 motion. However, a federal prisoner cannot appeal a ruling on a § 2255 motion without first securing a certificate of appealability, ("COA"). Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the prisoner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district

court grants a COA, it is "inform[ing] the Court of Appeals that the petitioner presents a colorable issue worthy of an appeal." Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996) (per curiam). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (granting a COA signifies that the issues raised "'deserve encouragement to proceed further'") (citation omitted). Applying this standard here, the Court finds that Defendant is not entitled to a Certificate of Appealability on any of the 24 claims raised in his § 2255 motion.

**CONCLUSION**

Based upon the foregoing, and all of the files, records and proceedings herein,

**IT IS ORDERED THAT:**

(1) Defendant's motion for relief under 28 U.S.C. § 2255, (Docket No. 98), is DENIED;

(2) Defendant's "Motion For Judgment By Default, (Docket No. 103), is DENIED; and

(3) Defendant will not be granted a Certificate of Appealability for any of the claims raised in his § 2255 motion, or for any other claim or purpose.

April 22, 2005

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge